# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ROGER TEAS,

                Plaintiff,

        v.

STATE OF ALASKA, et al.,

                Defendant.

Case No. 1:23-cv-00005-JMK

## OMNIBUS ORDER

On June 13, 2023, the Court received a Notice of Removal indicating one or more Defendants in the above captioned case seeks to remove a case originally filed in state court by self-represented prisoner Roger Teas ("Plaintiff").[1] Actions removed to federal court that were initially brought by self-represented prisoners in state court are exempted from the standard federal pretrial procedures upon their removal to federal court.[2] Federal law requires the Court to review the filing and issue an order indicating whether this case may proceed in the federal district court.[3] Typically, cases are reviewed in the order in which they are received by the Court. The Court, having considered the filings, grants Plaintiff 60 days from

---

[1] Docket 1.

[2] Local Civil Rule 16.1(a).

[3] 28 U.S.C. §§ 1915, 1915A.

the date of this order to file an amended complaint in this case. For the reasons

explained below, the pending motions at Dockets 6, 7, 18, and 19 are DENIED.

## SCREENING STANDARD

Federal law requires a court to screen complaints brought by prisoners

seeking relief against a governmental entity or officer or employee of a

governmental entity, even if the filing fee has been paid. The screening laws,

28 U.S.C. §§ 1915, 1915A, provide that a complaint must be dismissed if the action

is:

- frivolous or malicious;

- fails to state a claim on which relief may be granted; or

- seeks monetary relief from a defendant who is immune from such relief.

If the Court finds a complaint deficient, the Court may provide a statement

of the deficiencies and guidance on to how to fix them and provide an opportunity

to amend the complaint. However, if the Court finds that the deficiencies cannot

be fixed, the Court may dismiss the case without any further notice, or it may

provide an opportunity to voluntarily withdraw the complaint.[4]

Please note, federal law[5] requires that self-represented prisoners receive a

"strike" if the case is dismissed "as frivolous or malicious or for failure to state a

---

[4] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[5] 28 U.S.C.A. § 1915(g).

Case No. 1:23-cv-00005-JMK, *Teas v. State of Alaska, et al.*
Omnibus Order
Page 2 of 10
Case 1:23-cv-00005-JMK   Document 21   Filed 12/20/23   Page 2 of 10

claim upon which relief may be granted."[6]  Prisoners who receive three or more

strikes cannot bring any other actions without prepaying the full filing fee unless

the prisoner can demonstrate that he or she is in "imminent danger of serious

physical injury."[7]

### REQUIREMENTS TO STATE A CLAIM IN AN AMENDED COMPLAINT

Once a case has been removed, a plaintiff may amend the pleadings filed

in the state court, in accordance with Federal Civil Rule 15.  In this Court, an

amended complaint replaces the prior complaint in its entirety.  "The proposed

amended pleading must not incorporate by reference any prior pleading, including

exhibits."[8]  Any claims not included in the amended complaint will be considered

waived.

To state a claim, a complaint need only contain a "short and plain statement

of the claim showing that the pleader is entitled to relief."[9]  "[A] complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"[10]  A claim is "plausible" when the facts alleged support a

---

[6] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

[7] 28 U.S.C. § 1915(g).  *See also Lomax v. Ortiz-Marquez, et al.* 590 U.S. ___, 140 S. Ct. 172 (2020) (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for IFP status).

[8] Local Civil Rule 15.1.

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Case No. 1:23-cv-00005-JMK, *Teas v. State of Alaska, et al.*
Omnibus Order
Page 3 of 10
Case 1:23-cv-00005-JMK   Document 21   Filed 12/20/23   Page 3 of 10

reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

A complaint need not contain legal research or analysis, but it must contain sufficient facts that state a viable claim for relief. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[11] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[12] A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that a plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

## SERVICE OF PROCESS

When a case is removed from state court, if any defendants have not been served, or if prior service was inadequate, "process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."[13] In this case, any amended complaint must not be served on any opposing party until the Court so orders. As explained above, the Court must screen any amended complaint in accordance with 1915 U.S.C. § 1915, 1915A. If

---

[11] *Id.*

[12] *Id.* (internal citations and quotations omitted).

[13] *See also* Section 1447(a) (authorizing a federal court to issue "all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.").

Case No. 1:23-cv-00005-JMK, *Teas v. State of Alaska, et al.*
Omnibus Order
Page 4 of 10
Case 1:23-cv-00005-JMK   Document 21   Filed 12/20/23   Page 4 of 10

the Court finds that plausible claims exist in an amended complaint, then the case can proceed to the next stage of litigation. The Court will then issue an Order Directing Service and Response that will explain the requirements of completing service of a Court-issued summons and copy of the complaint on each opposing party. Although Defendants paid the filing fee, due to Plaintiff's incarcerated status and the financial affidavit filed at Docket 8, the Clerk shall provide a copy of the Court's application to proceed without prepaying the filling fee. If the Court grants Plaintiff's request, Plaintiff will be entitled to service of process by the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court, may result in the denial of motions, orders prohibiting such filings, or delay in the litigation.

## PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL

A litigant has no federal right to an appointed attorney in a civil action.[14] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's

---

[14] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[15]

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).[16] The Court finds that on the current record, the Court cannot evaluate Plaintiff's likelihood of success on the merits, but it appears that Plaintiff might be able to adequately articulate his claims. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 7 is DENIED without prejudice.

## PENDING MOTIONS AT DOCKETS 18–19

At Docket 18, Plaintiff filed a motion to "compel DOC to provide all required legal materials, books, and documents, required time availability per capita prisoner population, law librarian assistance, and IT specialist for troubleshooting

---

[15] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[16] *Id.*; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

computer problems."[17]  At Docket 19, Defendants filed a motion requesting an extension of time to respond to the motion at Docket 18, which defendants construe as a motion for preliminary injunction.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[18]  A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest.[19]

Because the Court is providing Plaintiff leave to file an amended complaint, there is no operative complaint on file.  In the absence of an operative complaint describing Plaintiff's claims, the Court cannot assess the likelihood of success on the merits.  Also, the requested relief appears outside the issues in this lawsuit. Moreover, Plaintiff has not shown he has been denied access to the court in this case.[20]  Accordingly, Plaintiff's motion at Docket 18 is DENIED.

The Court typically accords 30 days to file an amended complaint.  However, having considered the filings, in the interests of justice, the Court will extend

---

[17] Docket 18.

[18] *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008).

[19] *Id.* at 20.

[20] *Lewis*, 518 U.S. at 348 (an "actual injury" for an access-to-courts claim is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.).

Case No. 1:23-cv-00005-JMK, *Teas v. State of Alaska, et al.*
Omnibus Order
Page 7 of 10
Case 1:23-cv-00005-JMK   Document 21   Filed 12/20/23   Page 7 of 10

Plaintiff's deadline to file an amended complaint to 60 days. The screening requirement is statutory mandated in this instance and the Court cannot waive such requirement. Thus, Defendants are not required to file an answer or other pleading in response to an amended complaint until after the Court has completed its mandatory screening process to determine whether Plaintiff states any cognizable claims. Therefore, Defendant's motion at Docket 19 is DENIED as moot.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff is accorded **60 days** from the date of this order to file a First Amended Complaint, on the Court's form, which is being provided to Plaintiff with this order.

2.      If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal within 60 days from the date of this order, this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

3.      Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[21] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

---

[21] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 1:23-cv-00005-JMK, *Teas v. State of Alaska, et al.*
Omnibus Order
Page 8 of 10
Case 1:23-cv-00005-JMK   Document 21   Filed 12/20/23   Page 8 of 10

4.     At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[22]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

5.      All litigants are responsible for keeping copies of everything filed with the Court.  As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed.  However, litigants should not send important original documents or documents that cannot be replaced to the Court.  If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

6.      Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.  Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page.  There is no charge for viewing case information or documents at courthouse public access terminals.  In the event of special circumstances or serious financial need, a litigant may file a motion

---

[22] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

asking for the copying costs to be waived or reduced.  Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

      7.      Plaintiff's motion at Docket 6 is **DENIED as moot.**

      8.      Plaintiff's motion for court-appointed counsel at **Docket 7 is DENIED without prejudice.**

      9.      Plaintiff's motion at Docket 18 is **DENIED without prejudice.**

      10.      Defendant's motion at Docket 19 is **DENIED as moot.**

      11.      The Clerk of Court is directed to send Plaintiff the following forms with this order:  (1) Prisoner Complaint for Violation of Civil Rights (form PS01) with "FIRST AMENDED" written above the title; (2) Notice of Voluntary Dismissal (form PS09); (3) Notice of Change of Address (form PS23); and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT"; and (5) Prisoner Application to Waive the Filing Fee (form PS11).

      DATED this 20th day of December, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00005-JMK, *Teas v. State of Alaska, et al.*
Omnibus Order
Page 10 of 10
Case 1:23-cv-00005-JMK   Document 21   Filed 12/20/23   Page 10 of 10