# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROGER TEAS,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA, *et al.,*<br><br>      Defendants. | Case No. 1:23-cv-00005-SLG |

## SCREENING ORDER

On June 13, 2023, six of the named Defendants in this action filed a Notice of Removal in this Court to remove this case, originally filed in state court by self-represented prisoner Roger Teas ("Plaintiff"), to federal court.[1] On January 4, 2024, Plaintiff filed a First Amended Complaint and an application to waive prepayment of the filing fee.[2] Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by modifying the correctional facility's recreation schedule during the COVID-19 pandemic and by forcing him and other prisoners to choose between participating in outdoor recreation time, library time, religious services, educational services, or institutional employment during their one hour of recreation/exercise time.[3] For

---

[1] Docket 1.

[2] Dockets 22–23.

[3] Docket 22 at 5, 15.

relief, Plaintiff seeks damages in the amount of $1,000 for each day his rights were allegedly violated, which he believes will be no less than $100,000.[4] Plaintiff also seeks an order clarifying "the right to be free from cruel and unusual punishment as it pertains to outdoor recreate/exercise in prisons such as in this case."[5]

The Court has now screened Plaintiff's First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's First Amended Complaint fails to adequately state a claim for which relief may be granted. Therefore, the First Amended Complaint is DISMISSED. However, Plaintiff is accorded 60 days to file an amended complaint that corrects the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[4] Docket 22 at 67.

[5] Docket 22 at 67.

[6] 28 U.S.C. §§ 1915, 1915A.

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 2 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 2 of 15

>   (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[8] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10]

## DISCUSSION

### I. Plaintiff May Only Represent Himself

A non-attorney self-represented litigant may represent only his own interests[11] and has "no authority to appear as an attorney for others than himself."[12]

---

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[11] 28 U.S.C. § 1654.

[12] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 3 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 3 of 15

Plaintiff cannot bring claims on behalf of other individual prisoners. Accordingly, the Court only considers the claims affecting Plaintiff personally, and if Plaintiff elects to file an amended complaint, he shall do so only on his own behalf.

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[13] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[14] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[15] Plaintiff's 67-page First Amended Complaint, without numbered, discrete, short, and plain paragraphs, is not an acceptable format for a complaint and is deficient on that basis alone. However, Plaintiff will be given an opportunity to file an amended complaint to try to correct this and the other deficiencies identified in this order.

## III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state

---

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[15] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 4 of 15

law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17] Further, a defendant in a civil rights lawsuit must be a "person."[18] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[19]

This applies, as well, to supervisory officials sued in their individual capacities. A government official acting in a supervisory capacity "causes" a deprivation only to the extent he or she (1) personally participates in or directs a subordinate's constitutional violation; or (2) was not "physically present when the [plaintiff's] injury occurred," but the constitutional deprivation can, nonetheless, be "directly attributed" to the supervisor's own wrongful conduct.[20] There must be an

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] 42 U.S.C. § 1983.

[19] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[20] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011), *cert. denied,* 566 U.S. 982 (2012); *see also OSU Student Alliance*, 699 F.3d at 1069 (citing *Iqbal,* 556 U.S. at 676).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 5 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 5 of 15

affirmative link between a supervisor's defendant's actions and the claimed deprivation.[21]

Plaintiff has also named the State of Alaska, Department of Corrections as a defendant. However, the Department of Corrections is not a proper defendant. The State of Alaska and state agencies, such as the Department of Corrections, are not considered "persons" under 42 U.S.C. § 1983.[22] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[23] The State of Alaska and its agencies have not waived immunity for civil rights claims alleging violations of the federal Constitution. For this reason, all claims against the Department of Corrections must be dismissed with prejudice and must not be included in any amended complaint.

## IV. Exercise in Prisons

To establish a claim for relief under the Eighth Amendment based on conditions of confinement, a plaintiff must meet both the objective and subjective

---

[21] *Rizzo v. Goode,* 423 U.S. 362 (1976)

[22] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[23] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 6 of 15
Case 1:23-cv-00005-SLG  Document 25  Filed 07/17/24  Page 6 of 15

requirements to show an Eighth Amendment violation.[24] First, the deprivation alleged must be, objectively, sufficiently serious.[25] Second, a plaintiff must show the prison official had a "sufficiently culpable state of mind" and deliberately disregarded the risk by failing to take reasonable measures to abate it.[26] "Deliberate indifference" is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[27]

The Ninth Circuit has repeatedly recognized that "exercise is one of the basic human necessities protected by the Eighth Amendment."[28] While significant deprivations of exercise may be "sufficiently serious" in the context of the Eighth Amendment,[29] the Ninth Circuit has "never held that all deprivations of outdoor exercise are per se unconstitutional."[30] Instead, "the Constitution requires jail

---

[24] *Farmer v. Brennan,* 511 U.S. at 834.

[25] *Id.*

[26] *Id.* at 847. *See also Hearns v. Terhune,* 413 F.3d 1036, 1040-42 (9th Cir. 2005).

[27] *Farmer,* 511 U.S. at 837.

[28] *Norbert v. City & Cty. of San Francisco*, 10 F.4th 918, 929 (9th Cir. 2021).

[29] *See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (stating that prison officials may violate an inmate's Eighth Amendment rights when they deprive him of "a single identifiable human need such as food, warmth, or exercise"); *Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010) ("We have consistently held that 'ordinarily the lack of outdoor exercise for extended periods is a sufficiently serious deprivation' for Eighth Amendment purposes") (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)).

[30] *Norbert*, 10 F.4th at 929 (citation omitted).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 7 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 7 of 15

officials to provide outdoor recreation opportunities, or otherwise meaningful recreation."[31] The amount of exercise that must be offered to prisoners, as well as whether that exercise may be indoors or outside, "must be evaluated on the full extent of the available recreational opportunities."[32]

V. **Conditions of Confinement During a Pandemic**

The "operation of a correctional institution is at best an extraordinarily difficult undertaking."[33] But that "undertaking is particularly difficult where … prison officials are grappling with a global pandemic."[34] Courts should be "particularly deferential to the informed discretion of corrections officials, especially when the accommodation of a constitutional right would "have a significant 'ripple effect' on fellow inmates or prison staff."[35] Particularly in the midst of a pandemic, prison officials must be "accorded wide-ranging deference in the adoption and execution

---

[31] *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (emphasis added).

[32] *Norbert,* 10 F.4th at 930.

[33] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

[34] *Singleton v. Cal. Dep't of Corr. & Rehab.*, 2020 WL 6587657 at *2 (C.D. Cal. 2020*). See also Martinez v. Sherman,* 2022 WL 126054 at 6 (E.D. Cal. 2022) ("It is clear that COVID-19 poses a substantial risk of serious harm.") (citations omitted); *Fuller v. Houston,* 2021 WL 6496742 at 4 ("There is absolutely no question that COVID-19 is a serious communicable disease.") (citations omitted); *Plata v. Newsom,* 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) ("The COVID-19 pandemic is 'unprecedented,' and no one questions that it poses a substantial risk of serious harm to [prisoners].")

[35] *Appel v. King Cnty.,* 2023 WL 2529443 at *10 (W.D. Wash., 2023), *report and recommendation adopted,* 2023 WL 2527100 (W.D. Wash. Mar. 15, 2023) (internal citations and quotations omitted).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 8 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 8 of 15

of policies and practices that are needed … to preserve internal order and to maintain institutional security."[36]

The majority of federal cases alleging Eighth Amendment violations based on prison officials' handling of the COVID-19 pandemic concern alleged failures to properly implement enough protective measures to control the spread of the virus—such as quarantining and providing cleaning supplies and personal protective equipment—and inability to provide adequate healthcare to prisoners who contracted the virus.[37] In some of those cases, courts ordered defendants to implement more social distancing measures to protect prisoners from the virus.[38]

## VI. Plaintiff's Claims

In this case, Plaintiff has not pleaded sufficient facts to state a plausible claim under the Eighth Amendment. Although Plaintiff alleges he was "forced to choose"

---

[36] *Bell v. Wolfish*, 441 U.S. 520, 527 (1979)); *see also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012) ("The difficulties of operating a detention center must not be underestimated by the courts.").

[37] *See, e.g., Ahlman v. Barnes,* 445 F. Supp. 3d 671, 694 (C.D. Cal. 2020) (ordering defendants to implement social distancing measures, provide plaintiffs with soap and hand sanitizer, provide daily access to showers and clean laundry, require staff to wear PPE and wash their hands, regularly screen and test incarcerated people, and provide adequate medical care to any with COVID-19), *Maney v. Brown,* 516 F. Supp. 3d 1161, 1184–85 (D. Or. 2021) (ordering defendants to offer all adults in custody a COVID-19 vaccine).

[38] *See, e.g., Torres v. Milusnic,* 472 F. Supp. 3d 713, 736 (C.D. Cal. 2020) ("The CDC's own guidelines, however, provide that social distancing is a cornerstone of reducing transmission of respiratory disease. The BOP's multiphase plan does not include measures for meaningful social distancing." (internal quotation marks omitted) (footnote omitted)); *Chatman v. Otani*, Case No. 1:21-cv-268, 2021 WL 2941990, at *24 (D. Haw. 2021) (ordering the defendant to immediately implement its COVID-19 Response Plan, including its social distancing, personal protective equipment (PPE), and quarantine measures, and to provide regular access to a working toilet, sink, and drinking water to all incarcerated persons).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 9 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 9 of 15

between out-of-cell activities, he has not alleged that he was denied the opportunity to participate in any meaningful recreation or subjected to continuous segregation during the pandemic.[39] Further, Plaintiff has not pleaded sufficient facts to maintain a claim that Defendants' handling of the pandemic was an unreasonable or an exaggerated response to the COVID-19 pandemic. Nor has he provided specific facts to demonstrate any individual defendant was deliberately indifferent to Plaintiff's health or safety by limiting Plaintiff's recreation time. Further, as noted above, the First Amended Complaint is deficient because it is not a "short and plain statement" as required by Rule 8 of the Federal Rules of Civil Procedure. Therefore, the First Amended Complaint is dismissed for failure to state a plausible claim upon which relief could be granted. However, Plaintiff is accorded 60 days from the date of this order to file an amended complaint.

## VII. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[40] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[41] An amended complaint need not

---

[39] *Cf. Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) ("Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation.").

[40] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[41] Fed. R. Civ. P. 8(a)(2).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 10 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 10 of 15

and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[42] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[43] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[44] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the

---

[42] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[43] Fed. Rule Civ. Proc. 8(a)(2).

[44] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 11 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 11 of 15

complaint.[45]  Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."  And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.  Neither the Court nor the defendants are required to search through a plaintiff's lengthy complaint in an effort to try to pull out facts and allegation regarding each defendant.[46]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's First Amended Complaint at **Docket 22 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>Second Amended Complaint</u>, in which Plaintiff properly states his claims by addressing the deficiencies identified in this order.  An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to end this case.

---

[45] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[46] See *Kesling v. Tewalt,* 476 F. Supp. 3d 1077, 1083 (D. Idaho 2020) (stating court not required to comb through plaintiff's exhibits to determine if complaint states plausible claim).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 12 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 12 of 15

3. If Plaintiff does not timely file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. The claims against the State of Alaska, Department of Corrections, are **DISMISSED** with prejudice.

**5.** Plaintiff's application to waive prepayment of the filing fee at **Docket 23 is GRANTED.**

6. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[47] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[48] Failure to comply may result in dismissal of this action.

---

[47] 28 U.S.C. § 1915(b)(1)&(2).

[48] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 13 of 15

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[49] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[50] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil

---

[49] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[50] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 14 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 14 of 15

Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 17th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Screening Order
Page 15 of 15
Case 1:23-cv-00005-SLG   Document 25   Filed 07/17/24   Page 15 of 15