IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROGER TEAS,

        Plaintiff,

    v.

STATE OF ALASKA, *et al.,*

        Defendants.

Case No. 1:23-cv-00005-SLG

### ORDER OF DISMISSAL

On June 13, 2023, six of the named Defendants in this action filed a Notice of Removal in this Court to remove this case, originally filed in state court by self-represented prisoner Roger Teas ("Plaintiff"), to federal court.[1] On January 4, 2024, Plaintiff filed a First Amended Complaint and an application to waive prepayment of the filing fee.[2] The case was reassigned to the undersigned judge on July 8, 2024.[3] On July 17, 2024, the Court issued a screening order, which identified many deficiencies with the complaint but accorded Plaintiff another opportunity to revise his claims in an amended complaint.[4] On August 21, 2024,

---

[1] Docket 1.

[2] Dockets 22–23.

[3] Docket 24.

[4] Docket 25 at 12.

Plaintiff filed a Second Amended Complaint ("SAC"), a declaration, and several exhibits.[5]

The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A and finds that it contains the same deficiencies previously identified in the Court's screening order at Docket 25. Plaintiff has not pleaded sufficient facts to state a plausible claim upon which relief could be granted.

Plaintiff's allegation that he must choose between exercise time or library time does not amount to a violation under the Eighth Amendment.[6] Further, Plaintiff's newly added claim alleging Defendants interfered with his right to access to the courts is belied by his filings in this case. The Sixth Amendment does require prisoners be afforded reasonable access to the courts to challenge their conviction, sentence, or conditions of confinement.[7] However, prison inmates do not have a freestanding right to access a law library or legal assistance.[8] Further, "[t]he right of access is not unlimited, but must be balanced against the legitimate security needs or resource constraints of the prison."[9]

---

[5] Dockets 26–27.

[6] *See* Docket 25 at 6–9.

[7] *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996).

[8] *Id*.

[9] *United States v. Sarno,* 73 F.3d 1470, 1491 (9th Cir. 1995)

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Order of Dismissal
Page 2 of 4
Case 1:23-cv-00005-SLG   Document 28   Filed 01/06/25   Page 2 of 4

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury.[10] An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[11] To show actual injury for an access-to-courts claim, an inmate must "demonstrate that the alleged shortcomings… hindered his efforts to pursue a legal claim."[12] Here, Plaintiff has not alleged facts that, if proven, would demonstrate that he suffered an actual injury that could permit him to successfully pursue an access-to-courts claim. As such, Plaintiff has not pleaded sufficient facts to state a plausible access to courts claim.

For these reasons, the SAC must be dismissed. The Court finds that amendment would be futile and will not accord Plaintiff leave to file another amended complaint. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."[13]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

---

[10] *Lewis v*, 518 U.S. at 349.

[11] *Id.* at 348 (citation and internal quotation marks omitted).

[12] *Id*. at 351.

[13] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Order of Dismissal
Page 3 of 4

3. This dismissal does NOT count as a strike because this case was originally filed in state court and removed by Defendants to federal court.[14]

4. The Clerk shall issue a final judgment and close this case.

DATED this 6th day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[14] *See Harris v. Magnum,* 863 F.3d 1133, 1136 (9th Cir. 2017).

Case No. 1:23-cv-00005-SLG, *Teas v. State of Alaska, et al.*
Order of Dismissal
Page 4 of 4
Case 1:23-cv-00005-SLG     Document 28     Filed 01/06/25     Page 4 of 4